**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DEREK WATSON and
DAWN WATSON,

        Plaintiffs,                          CASE NO.  05-CV-74043
                                                            PAUL D. BORMAN
-vs-                                                   UNITED STATES DISTRICT JUDGE

FELIX TREVINO, ET AL.,

        Defendants.
_____/

**ORDER AFFIRMING THE ORDER OF THE MAGISTRATE JUDGE
(1) GRANTING DEFENDANTS' MOTIONS FOR PROTECTIVE ORDERS;
AND (2) DENYING PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS**

Before the Court are Plaintiffs' September 29, 2006 Objections to the Magistrate Judge's September 21, 2006 Order Granting Defendants' Motion for Protective Order and Denying Plaintiffs' Motion to Compel Depositions. (Docket No. 78). Defendants filed their Response to Plaintiffs' Objections on October 12, 2006. (Docket No. 80). For the following reasons, the Court AFFIRMS the Order of the Magistrate Judge. (Docket No. 76).

**I.    BACKGROUND**

        **A.    Plaintiffs' Motion to Compel Depositions and Amend Scheduling Order**

Plaintiffs Derek and Dawn Watson ("Plaintiffs") filed their Motion to Compel Depositions and Adjourn the Scheduling Order on July 26, 2006. (Docket No. 58). Defendants Urban, Salter, Rust, and Cook ("KOM Defendants") filed their Response on July 28, 2006. (Docket No. 60). Defendant Bonadurer filed his Response on August 2, 2006. (Docket No. 63). Defendants Rhind and Colosky filed their Response on August 3, 2006. (Docket No. 65).

In their motion, Plaintiffs requested that they be allowed to take the depositions of several Defendants and witnesses, even though those Defendants and individuals had already been deposed in a parallel state court proceeding. Plaintiffs argued that since the depositions of those Defendants and witnesses were taken in connection with the state case, Plaintiffs needed to redepose those individuals in relation to the different federal claims. Furthermore, Plaintiffs claimed that at the time that the depositions were taken, Defendants Rust, Cook, and Colosky testified as witnesses and not as Defendants.

Defendants responded that although the state and federal claims were not identical, both claims shared similar factual underpinnings. Defendants further pointed out that the facts giving rise to the incident were the same, regardless of how Plaintiffs attempt to characterize the claims. Defendants indicated that any deposition of those individuals would be unnecessarily cumulative or duplicative.

### B.   Defendants' Motion for a Protective Order

KOM Defendants filed their Motion for a Protective Order Preventing the Deposition of Defendants or Limiting the Scope of the Deposition Inquiry on July 28, 2006. (Docket No. 61). Defendant Bonadurer filed a similar motion on August 2, 2006. (Docket No. 64). Plaintiffs filed their Responses on August 7, 2006. (Docket No. 68).

In their motion for a protective order, KOM Defendants stated that Plaintiffs' counsel wished to redepose the KOM Defendants, even though Plaintiffs deposed Defendants Urban and Salter as defendants in the state case and Defendants Rust and Cook as witnesses in the state case. Defendants argued that these depositions would be unnecessarily duplicative or cumulative in violation of FRCP 26. KOM Defendants pointed out that Plaintiffs filed their state claim on May 17, 2005. Plaintiffs then deposed the KOM Defendants in September and October of 2005.

Plaintiffs then filed the federal suit on October 21, 2005. KOM Defendants claim that the factual underpinnings of both the state and federal claims were the same. The state complaint alleged assault & battery, false arrest, false imprisonment, and gross negligence. The federal complaint alleges § 1983 excessive force and illegal search. In the alternative, KOM Defendants requested that any additional deposition testimony be limited to areas not addressed at earlier depositions.

In his motion for a protective order, Defendant Bonadurer argued that he was also deposed as a defendant in the state case, therefore additional deposition testimony was duplicative and in violation of FRCP 26. He also argued that in the alternative the Court should limit the scope of any new deposition testimony to new issues raised by the federal claim.

Plaintiffs responded that they specifically requested from Defendants' counsel at the depositions for the state court case whether the depositions could address the federal issues as well. Plaintiffs claimed that Defense counsel declined. Furthermore, Plaintiffs claimed that the state tort of assault & battery has different proofs than a § 1983 excessive force claim. Finally, Plaintiffs averred that since Defendants Cook and Rust were not defendants in the state court case, counsel's questioning of them was "limited."

    **C.**    **Magistrate Judge's Decision**

Magistrate Judge Virginia Morgan held a hearing on these motions of September 13, 2006. Per stipulations of the parties, all discussion of the issues was conducted off the record. On September 21, 2006, the Magistrate Judge issued her Order granting Defendants' motion for a protection order and denying Plaintiff's Motion to Compel Discovery. (Docket No. 76). The Order did not include an Opinion.

**II.**    **ANALYSIS**

    **A.**    **Standard of Review**

The standard of review for a district court for nondispositive orders by a magistrate judge when a party makes objections to that order is governed by 28 U.S.C. § 636(b)(1)(A) and FRCP 72(a). The federal statue states in relevant part:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this [section] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

FRCP 72(a) states in relevant part:

> Within 10 days after being served a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Under Local Rule 72.1(d), a party filing an objection pursuant to FRCP 72 must (1) specify the part of the order, proposed findings, recommendations, or report to which the party objects and (2) specify the basis for the objection.

### B.    Plaintiffs' Objections to the Magistrate Judge's Order

Plaintiffs' Objections to the Magistrate Judge's order essentially turn upon (1) Plaintiffs' desire to uncover additional testimonial inconsistencies among the officers, (2) the differing needs for evidence to prove the federal versus the state claims, and (3) the failure of the Magistrate Judge to address their request for an extension in scheduling dates. The Court finds that none of these objections have merit, much less show that the Magistrate Judge's order was "clearly erroneous" or "contrary to law."

As Defendants point out in several instances, Plaintiffs' counsel had ample opportunity to

depose all of the necessary witnesses and Defendants about the incident that gave rise to Plaintiffs' claims. Since Plaintiffs chose purposefully to bifurcate their claims that arose out of the same incident between federal and state court, the Court finds that Plaintiffs have not shown any substantial need to redepose witnesses previously deposed in state court proceedings, where the federal claims arose out of the same events as the state claims. Now, Plaintiffs request that the Court permit them to redepose Defendants in conjunction with the federal claims, on the basis that Plaintiffs' attorney prefaced certain depositions with the fact that he was only deposing the witnesses and Defendants in regards to the state claims and did not discover a basis for the federal claims until after he took the majority of the depositions in the state case.

Michigan law has long recognized that a party can bring federal § 1983 claims in state court. *Dep't of Treasury v. Campbell*, 161 Mich. App. 526, 529 (1986). Plaintiffs' federal claims are, at the very least, bound up in the same facts as the state law tort claims. Plaintiffs, through reasonable diligence, should have discovered possible federal claims in conjunction with the state claims during the course of discovery. In fact, Plaintiffs had the opportunity to seek leave to file an amended complaint in state court, including the federal claims as well as naming the additional Defendants Colosky, Cook, Rhind, and Rust, but chose not to do so. Instead, Plaintiffs filed a parallel federal suit alleging § 1983 claims arising out of the same facts as the claims in state court and named additional Defendants that should have been named in the state complaint.

Therefore, the Court finds that the Magistrate's Order granting Defendants' motion for a protective order and denying Plaintiffs' motion to compel deposition testimony was not contrary to law or clearly erroneous. For the same reasons, the Court denies Plaintiffs' Motion to Adjourn the Scheduling Order.

### III. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Order of the Magistrate Judge.

**SO ORDERED.**

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: November 14, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 14, 2006.

s/Denise Goodine  
Case Manager