UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK WATSON and
DAWN WATSON,

        Plaintiffs,        CASE NO. 05-CV-74043

-vs-        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

FELIX TREVINO, et al.,

        Defendants.
_____/

**OPINION AND ORDER
(1) STRIKING PLAINTIFFS' SUPPLEMENTAL BRIEF;
(2) STRIKING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT;
AND (3) DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

Before the Court are Plaintiffs' (1) February 14, 2007 Supplemental Brief to their February 7, 2007 Motion for Reconsideration (Docket No. 96); (2) February 19, 2007 Motion for Reconsideration under Rule 59(e) (Docket No. 98); and (3) February 19, 2007 Motion for Relief from Judgment under Rule 60(b) (Docket No. 99).

Plaintiffs' February 7, 2007 28-page Motion for Reconsideration sought relief under Federal Rule of Civil Procedure 59(e) or 60(b). On February 15, 2007, the Court struck Plaintiffs' February 7, 2007 Motion for Reconsideration for a violation of Local Rule 7.1(c)(3)(A), exceeding the twenty page limit for briefs. (Docket No. 97). Not content with the initial 28-page brief, Plaintiffs filed a Supplemental Brief. The Court now also strikes Plaintiffs' Supplemental Brief to that February 7, 2007 motion, since it adds even more over-the-limit pages.

1

Plaintiffs, in response to the Court's striking the original excess-page motion for reconsideration, now have filed *two* separate motions, a nineteen-page Motion for Reconsideration brought pursuant to Rule 59(e), and a twenty-page Motion for Relief from Judgment brought pursuant to Rule 60(b). Since both of these Rules apply to motions in response to final judgments, they are not appropriate here because the status of the instant case is pre-final judgment. Specifically, while the Court has granted part of Defendants' Motion for Summary Judgment, Plaintiffs' excessive force claim is proceeding to trial.

Nevertheless, in the interest of expediting the case, because Plaintiffs included, within the improperly designated Rule 59(e) motion, argument relating to a Motion for Reconsideration, the Court will rule on it.  (Plaintiff Rule 59(e) Motion, P.2)

Accordingly, the Court STRIKES Plaintiffs' motion brought pursuant to Rule 60(b).

The Court cautions Plaintiffs' that improper filings, and failure to follow both the page limit directives of this Court and the Local Rules can subject them to sanctions.

This Court has the authority under Federal Rule of Civil Procedure 11(c) and 28 U.S.C. § 1927 to sanction attorneys who multiply the proceedings unreasonably, and vexatiously, including the filing of frivolous pleadings.  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980), *cited with approval, Marrama v. Citizens Bank of Massachusetts*, 127 S. Ct. 1105, 1112 (2007).

The United States Court of Appeals for the Sixth Circuit recently noted in *In re Cardizem CD Antitrust Litigation*, – F.3d – , 2007 WL 528044 (6th Cir. Feb. 22, 2007):

> Section 1927 of Title 28, for example, permits courts (though not court clerks) to require an "attorney" "to satisfy personally the excess costs, expenses, and attorneys' fees" incurred because the attorney "so multiplies the proceedings in any case unreasonably

and vexatiously." And Rule 11 permits courts to do likewise. *See* Fed. R. Civ. P. 11(c) (permitting Rule 11 sanctions to be imposed on "attorneys" and "law firms" for, among other things, filing bad-faith or frivolous pleadings)[.]

*Id*. at *4.

The Court will proceed to reach the merits of Plaintiffs' Rule 59(e) motion, treating it as a motion to reconsideration.

Plaintiffs' motion states that while litigating this case in state court, they requested leave "to Amend the Complaint to add Federal Counts as to Fourth Amendment illegal search claims but that request was turned down by Judge Fullerton. The Judge indicated that she felt the Federal Claims should be dealt with by a Federal Judge." (Pl. Br. 5). Yet, Plaintiffs filed a Federal Court pleading, indeed, it was their second Federal Court Complaint; and it did not contain an illegal search claim, just an excessive force claim.

At the instant hearing on Defendants' Motion for Summary Judgment, the Court, noting that it had read Plaintiffs' unpaginated, single-count Complaint, alleging only a § 1983 Fourth Amendment excessive force claim, asked Plaintiffs' counsel to verify that the case dealt with a claim of excessive force – "Is this correct?" Plaintiffs' counsel said, "That is correct, Your Honor." The Court reiterated: "So we're dealing with an excessive force claim, period. Okay. So that's clear." Plaintiffs' counsel did not contest that.

The Court's role is not to redraft Plaintiffs' pleadings. The Court's role is not to instruct Plaintiffs' counsel how to answer the Court's question. The Court was informed by Plaintiffs' pleading and by Plaintiffs' counsel this case involves a single claim: excessive force.

Plaintiffs' Brief in support of reconsideration raises "the dog ate my homework" excuse, attempting to excuse the law firm and its attorneys. The brief states that the firm was required to place a new lawyer on the case:

> following the defection to Garan, Lucow, et al of Jennifer Bruenning, who drafted the Complaint that is at issue. Because he was trying to get Ms. Bruenning's desk caught up, he had not reviewed the Complaint in depth, and did not realize that the Complaint that had been drafted by Ms. Bruenning did not explicitly state the Plaintiffs' Fourth Amendment causes of action.

(Pl. Br. 8). The Court notes that all of the pleadings were signed by Christopher I. Trainor, of the law office of Trainor and Tombs, not by Ms. Bruenning.

The 37-paragraph single count Complaint states:

COUNT I
Violation of the Fourth Amendment
42 U.S.C. § 1983 Excessive Force

Plaintiffs claim that the lawyer they sent to the hearing was "caught off guard" when he confirmed what the single count Complaint stated – that Plaintiffs' claim was for excessive force, "period."

To recapitulate, Plaintiffs are stating that their lawyer, sent to Court by Mr. Trainor to argue their motion, did not read the Complaint that was drafted by a different lawyer who "defected" to another firm, but which Complaint had been read and signed by Mr. Trainor. The Court finds that Plaintiffs' argument in the instant motion for reconsideration – our defecting lawyer drafted a defective complaint, our named attorney signed a defective complaint, Mr. Trainor sent an incompetent lawyer to appear in court at the motion hearing – does not evidence any defect in the Court's ruling.

In conclusion, the case will proceed to trial on Plaintiffs' excessive force claim.

Accordingly, the Court denies Plaintiffs' Motion for Clarification/Reconsideration.

For the foregoing reasons, the Court:

(1) **STRIKES** Plaintiffs' Supplemental Brief in support of their initial over-page limit Motion for Reconsideration;

(2) **STRIKES** Plaintiffs' Motion under Rule 60(b); and

(3) Treats Plaintiffs Rule 59(e) Motion as a Motion for Reconsideration and **DENIES** that Motion.

**SO ORDERED.**


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 2, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 2, 2007.

s/Denise Goodine
Case Manager