**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEREK WATSON,

                Plaintiff,                          CASE NO.  05-CV-74043

-vs-                                      PAUL D. BORMAN
                                               UNITED STATES DISTRICT JUDGE

FELIX TREVINO, STEVEN
COLOSKY, SCOTT RHIND,
SCOTT RUST, KEVIN SALTER,
in their individual and official
capacities.

                Defendants.
_____/

**OPINION AND ORDER**
**PERMITTING PLAINTIFF TO PURSUE A "FAILURE TO PREVENT" THEORY OF**
**EXCESSIVE FORCE LIABILITY AGAINST DEFENDANT TREVINO**

      Before the Court is the question of whether Plaintiff can pursue at trial an excessive force

claim under 42 U.S.C. § 1983 against Defendant Felix Trevino. At the August 23, 2007 Final

Pretrial Conference in this case, the Court asked the parties on the record whether Plaintiff had a

remaining viable excessive force claim against Defendant Trevino. Since Defendant Trevino's

counsel failed to appear for the Final Pretrial Conference, the Court issued an Order requesting that

Plaintiff and Defendant Trevino submit supplemental briefing on that issue. (Doc. No. 173).

      Plaintiff offers two theories of excessive force liability as to Defendant Trevino: (1) liability

for the excessive force "flowing from" his actions in obtaining the search warrant; and (2) liability

for failing to intervene and stop the excessive force. For the following reasons, the Court finds that

Plaintiff cannot maintain the first theory of liability, but holds that Plaintiff can pursue the "duty to intervene" theory at trial.

> **A.**      **Liability "Flowing From" Defendant Trevino's Actions in Obtaining the Search Warrant**

Plaintiff resurrects his previous argument that Defendant Trevino, in obtaining the allegedly invalid search warrant, is necessarily liable for the excessive force committed by the officers executing the warrant. This Court unequivocally held that no such theory of excessive force liability has explicitly been recognized by either the Supreme Court or the United States Court of Appeals for the Sixth Circuit. *See Watson*, 2007 WL 1880719, *10-12. In the supplemental briefing, Plaintiff cites the additional cases *Taylor v. City of Detroit*, 368 F. Supp. 2d 676 (E.D. Mich. 2005), *Jackson v. Sauls*, 206 F.3d 1156 (11th Cir. 2000), and *Clark v. Upchurch*, 955 F.2d 44, 1992 WL 27010 (6th Cir. Feb. 13, 1992) (table opinion). None of these cases supports Plaintiff's instant theory.[1]

---

[1]      The *Taylor* decision does not recognize the plaintiff's "flowing from" theory of liability. In *Taylor*, the same defendant police officer was involved in both obtaining the allegedly illegal warrant and in the excessive force. 368 F. Supp. 2d at 682-92.

In *Jackson*, the Eleventh Circuit considered the plaintiffs' allegations that the defendant police officers conducted an illegal investigatory stop, and then used excessive force during the course of that stop. 206 F.3d 1156. The defendants argued that they were not liable for damages caused by the excessive force, since an intervening event had occurred that caused the plaintiff's injuries, not excessive force by the officers.

The court held that for purposes of damages under a § 1983 claim, the alleged injuries must have been proximately caused by the defendant's actions, or that the "except for the constitutional tort, such injuries and damages would not have occurred and further that such injuries and damages were the reasonably foreseeable consequences of the tortious acts or omissions in issue." *Id*. at 1168 (footnote omitted).

Thus, the *Jackson* court did not hold, as Plaintiff appears to argue, that when a police officer obtains an illegal warrant, that officer is necessarily liable for all subsequent constitutional tort damages that occur as a result. The court recognized that under § 1983 a plaintiff can only recover for damages that were proximately caused, and reasonably

**B.     Liability under § 1983 for Failure to Intervene**

"Generally speaking, a police officer who fails to act to prevent the use of excessive force may be held liable when (1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring." *Turner v. Scott,* 119 F.3d 425, 429 (6th Cir. 1997); *see Ontha v. Rutherford County*, 222 Fed. Appx. 498, 506 (6th Cir. Mar. 13, 2007) (unpublished).

Plaintiff argues that Defendant Trevino also had a duty to intervene and stop the excessive force committed by the other defendants in this case. Plaintiff points out that Defendant Trevino admitted that during the arrest of Plaintiff, Trevino was located in the adjacent kitchen. Plaintiff avers that the "evidence has also shown that [Trevino] stood idly by and did nothing while the other officers brutally and senselessly beat [Plaintiff] and sprayed him with pepper spray after he was already handcuffed and completely compliant." (Pl. Br. 3-4). Defendant Trevino does not dispute that he was in close physical proximity to the alleged force.

---

foreseeable, by the officer's actions.

The Court holds that Plaintiff cannot maintain the instant theory. Initially, the law of the case is that Plaintiff only has one claim in this case: excessive force under § 1983. Alternatively, even under the *Jackson* holding, Plaintiff has not demonstrated how it would have been reasonably foreseeable, under the instant facts, that Defendant's Trevino's actions in obtaining the search warrant would proximately cause the officers' use of excessive force in its execution.

Finally, the unpublished Sixth Circuit decision *Clark* does not support Plaintiff's position. *Clark* involved a pretrial detainee's § 1983 claims against defendant nurses based upon allegations of serious bodily intrusion, unwanted medical treatment, and a warrantless extraction of bodily fluids conducted in an unreasonable fashion. *Clark*, 1992 WL 27010, at *2. The *Clark* opinion does not hold, nor infer, that the arresting officer was liable for the plaintiffs' constitutional claims against the nurses.

Defendant Trevino failed to file a summary judgment motion in this case. Defendant Trevino's counsel failed to appear before the Court at the scheduled Final Pretrial Conference. Defendant Trevino argues that this Court already held that Plaintiff had not shown that Trevino could be liable for a "failure to prevent" claim. *See Watson*, 2007 WL 1880719, at *12. The relevant passage in that Opinion addressed Plaintiff's "flowing from" theory of excessive force liability.

In light of the foregoing, the Court will allow Plaintiff's "failure to intervene" theory of excessive force liability under § 1983 to proceed to trial as to Defendant Trevino.

**SO ORDERED.**


**s/Paul D. Borman**
**PAUL D. BORMAN**
**UNITED STATES DISTRICT JUDGE**

**Dated:  September 17, 2007**

**CERTIFICATE OF SERVICE**

**Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 17, 2007.**


**s/Denise Goodine**
**Case Manager**