**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEREK WATSON,

        Plaintiff,                             CASE NO. 05-CV-74043

-vs-                                         PAUL D. BORMAN
                                             UNITED STATES DISTRICT JUDGE
FELIX TREVINO, STEVEN
COLOSKY, SCOTT RUST,
and KEVIN SALTER, in their
individual and official capacities,

        Defendants.
_____/

**OPINION AND ORDER**
**(1) DENYING PLAINTIFF'S MOTION TO ADJOURN TRIAL;**
**(2) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION;**
**(3) DENYING PLAINTIFF'S MOTION FOR AN INTERLOCUTORY APPEAL;**
**AND (4) DENYING DEFENDANT TREVINO'S MOTION FOR RECONSIDERATION**

      Before the Court are the following motions: (1) Plaintiff Derek Watson's ("Plaintiff") September 21, 2007 Motion to Adjourn Trial; (2) Plaintiff's September 21, 2007 Motion for Reconsideration under Rule 54(b); (3) Plaintiff's September 21, 2007 Motion for an Interlocutory Appeal to the United States Court of Appeals for the Sixth Circuit; and (4) Defendant Felix Trevino's September 27, 2007 Motion for Reconsideration. Trial is scheduled to begin in the instant case on November 6, 2007. Having considered the entire record, and for the reasons that follow, the Court DENIES all motions.

    **A.**    **Plaintiff's Motion to Adjourn Trial**

      Plaintiff motions the Court to adjourn the trial date pursuant to E.D. Mich. L. R. 40.2 and Fed. R. Civ. P. 16(b)(6). Plaintiff contends that the trial date should be moved sixty (60) days for the following reasons: (1) facilitation in the case is set for October 19, 2007 before Magistrate

Judge Virginia M. Morgan, and a trial date of November 6 "may work against the settlement of a case as complex and contentious as this"; (2) since Plaintiff has filed motions for reconsideration and for an interlocutory appeal, "th[is] Court may not have the time that is necessary for it to fully consider the issues presented in those motions"; (3) Plaintiff's counsel has another jury trial starting on October 29, 2007 in Wayne County Circuit Court; and (4) Defendants have expressed a desire to depose Plaintiff's treating physicians, and this "cannot possibly be accomplished by the time of trial." (Pl. Br. 2).

Defendants respond that they do not oppose the motion for adjournment if they would be permitted to depose Plaintiff's treating physicians.

Local Rule 40.2 states:

Counsel or any party without counsel shall be prepared and present themselves as ready in all cases set for trial or for pretrial on the date set unless, on timely application and good cause shown, the cases are continued. Where application is made for the continuance of the trial of a case, such application shall be made to the Court as soon as the need arises.

Rule 16(b) provides, in relevant part:

The scheduling order also may include;

    (7)    the date or dates for conferences before trial, a final pretrial conference, and trial[.]

. . . .

The order shall issue as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant. A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge.

The Court will not grant Plaintiff's request for an adjournment of the trial date.

First, the Court does not find that the October 19, 2007 date for facilitation in the case constitutes "good cause" for adjourning the trial date. Although Plaintiff originally filed the

instant case in state court in November 2004 and has been aware of the claims and parties going forward to trial in federal court since this Court's January 24, 2007 Order on Summary Judgment, he did not request a facilitation for settlement before the Magistrate Judge until the August 22, 2007 Final Pretrial Conference. Furthermore, the Court does not agree that the instant excessive force claim going to trial against four Defendant police officers involves issues of liability and damages so "complex" that the parties could not adequately negotiate a possible settlement in the time between the facilitation and the trial date. Defendants have indicated that they would only agree to an adjournment of the trial date at this point for a possible reopening of discovery to depose Plaintiff's experts, and not to extend the time for settlement discussions.[1]

Second, in regards to Plaintiff's contention concerning the length of time the Court will need to consider his motions for reconsideration and for a certificate of appealability, both of those motions are discussed below.

Third, the fact that Plaintiff's counsel has another trial scheduled for October 29, 2007 does not warrant an adjournment of the instant proceedings. Plaintiff has been aware of the trial date in this case since the Final Pretrial Conference. Plaintiff made no indication at that time of any conflict in his schedule.

Finally, Plaintiff argues that the trial date should be adjourned so that Defendants can take the depositions of Plaintiff's treating physicians. Plaintiff takes the exact opposite stance in his September 20, 2007 Response to Defendants' Motion to Depose Plaintiff's Treating Physicians. In that Response, Plaintiff argues that Defendants should be prevented from

---

[1] The Court will address the issue of Defendants' request to take the depositions of Plaintiff's treating physicians when it considers the parties' motions in limine.

deposing the treating physicians, since discovery is now closed and Defendants had ample opportunity to take those depositions if they wished.

In sum, the Court does not find Plaintiff has shown "good cause" under Local Rule 40.2 or Rule 16 to adjourn the trial date. Therefore, the Court DENIES Plaintiff's motion.

**B.     Plaintiff's Motion for Reconsideration**

Plaintiff motions the Court yet again to reconsider previous rulings in this case under Fed. R. Civ. P. 54(b). Those rulings, on March 2, 2007, and on June 29, 2007, held that Plaintiff's Complaint only stated a claim for excessive force and denied Plaintiff's Motion for Leave to File an Amended Complaint. The Court finds that Plaintiff's instant motion has the effect of vexatiously multiplying these proceedings, given the fact that the Court has already addressed these issues in several previous Orders.

Therefore, the Court DENIES Plaintiff's motion.

**C.     Plaintiff's Motion for a Certification of an Interlocutory Appeal**

Plaintiff requests that this Court certify an interlocutory appeal under Fed. R. Civ. P. 54(b) and 28 U.S.C. § 1292(b). Plaintiff contends that by certifying the relevant issue to the United States Court of Appeals for the Sixth Circuit, it would save the parties the need "to go through one trial and then perfect an appeal, and then go through another trial[.]" (Pl. Br. 16).

Rule 54(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to

revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Section 1292(b) states:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order

(emphasis in original).

The Sixth Circuit has explained the analysis by which a district court should consider a Rule 54(b) motion:

Rule 54(b) of the Federal Rules of Civil Procedure permits immediate review of certain district court orders prior to the ultimate disposition of a case. Although Rule 54(b) relaxes the traditional finality requirement for appellate review, it does not tolerate immediate appeal of every action taken by a district court. The rule is specifically "designed to facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action."

Rule 54(b) certification requires two independent findings. First, the district court must expressly "direct the entry of final judgment as to one or more but fewer than all the claims or parties" in a case. Second, the district court must "express[ly] determin[e] that there is no just reason" to delay appellate review. A district court certifying an order under Rule 54(b) must clearly explain why it has concluded that immediate review of the challenged ruling is desirable.

The first step in certification, entry of partial final judgment, is satisfied where some decision made by the district court ultimately disposes of one or more but fewer than all of the claims or parties in a multi-claim/multi-party action. As the Supreme Court explained in *Curtiss-Wright:*

A district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."

> The second step in certification, determination of no just reason for delay, requires the district court to balance the needs of the parties against the interests of efficient case management. "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." Courts implementing Rule 54(b) must "strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." By limiting interlocutory appeals under Rule 54(b) to "infrequent harsh case[s]," courts can alleviate hardship resulting from unnecessary delay without undermining "the historic federal policy against piecemeal appeals."

*General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026-27 (6th Cir. 1994).[2] The Sixth Circuit has further explained that "[w]hile the standards permitting interlocutory review under 54(b) and 1292(b) may not be precisely identical, the same factors certainly seem relevant to both types of inquiry." *Id.* at 1032.

Upon review of Plaintiff's arguments, the Court is not convinced that there is any compelling reason to certify for interlocutory appeal previously-addressed issues in this case. Plaintiff's excessive force claim involves different defendants and different facts than the subject of a possible appeal. Even if this Court's determinations were reversed on appeal, there is no danger that the Court would have to consider the "same issue a second time."

---

[2] The Sixth Circuit has enumerated several non-exhaustive factors for a district court to consider in making a Rule 54(b) determination:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*GenCorp*, 23 F.3d at 1030.

Therefore, the Court DENIES Plaintiff's motion.

**D.      Defendant Trevino's Motion for Reconsideration**

Defendant Trevino argues that the Court should reconsider its September 17, 2007 Order permitting Plaintiff to pursue a "failure to intervene" theory of excessive force liability under 42 U.S.C. § 1983 against Defendant Trevino.

Eastern District of Michigan Local Rule 7.1(g) provides the standards for a motion for reconsideration, and states:

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997). "A trial court may grant reconsideration under Fed. R. Civ. P. 59(e) for any of four reasons: (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; (3) to correct a clear error of law; or (4) to prevent manifest injustice." *Hayes v. Norfolk Southern Corp.*, 25 Fed. Appx. 308, 315 (6th Cir. Dec. 18, 2001) (unpublished). "A motion for reconsideration which merely presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich.1997).

Defendant Trevino argues that the Court's Order contained a "palpable defect" by holding that Plaintiff's excessive force claim could go forward to trial against him. However, as the Court noted in its September 17, 2007 Order, Defendant Trevino failed to file a motion for summary judgment in this case, and his counsel failed to appear at the Final Pretrial Conference. In its August

23, 2007 Order, the Court had sought clarification from the parties as to which permissible theory of excessive force Plaintiff was pursuing against Defendant Trevino. The Order was not intended to solicit and rule on a belated summary judgment motion from Defendant Trevino.

As it stands, the Court does not find any "palpable defect" in its previous Order. Therefore, the Court DENIES Defendant Trevino's motion for reconsideration.

### E. Conclusion

For the foregoing reasons, the Court hereby:

(1) **DENIES** Plaintiff's Motion to Adjourn Trial (Doc. No. 217);

(2) **DENIES** Plaintiff's Motion for Reconsideration (Doc. No. 218);

(3) **DENIES** Plaintiff's Motion for an Interlocutory Appeal (Doc. No. 219); and

(4) **DENIES** Defendant Trevino's Motion for Reconsideration (Doc. No. 252).

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**Dated: October 5, 2007**

### CERTIFICATE OF SERVICE

**Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 5, 2007.**

s/Denise Goodine
**Case Manager**